**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Woody A. Drummond, | No. CV09-1488 PHX DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Arizona Department of Economic Security, et al., | |
| Defendants. | |

Defendants Family Service Agency, Karen Noggle, Mary Jo Polimeni, and Carolyn Posey (collectively "the Family Service Defendants") have filed a motion to dismiss Plaintiff Woody A. Drummond's first amended complaint. Dkt. #29. Drummond has filed a voluntary motion to dismiss three counts of the complaint (Dkt. #43), which is unopposed, and has also filed a motion to remand this case to state court (Dkt. #45). All Defendants oppose remand.[1] Dkt. ##47, 50. The Court will grant Drummond's voluntary motion to dismiss three counts of his complaint and grant the motion to remand. Because the case is being remanded, this Court will not rule on the pending motion to dismiss.

Drummond filed his initial complaint in Arizona state court in June of 2009. The complaint included both state and federal claims. Dkt. #1-3. Defendants removed the case to this Court based solely on federal question jurisdiction. Dkt. #1 at 2. On October 26,

---

[1] The State of Arizona, which is the only current Defendant besides the Family Service Defendants, joined the Family Service Defendants' response to Drummond's motion to remand. Dkt. #50.

1  2009, Drummond filed his first amended complaint, which alleges six claims against
2  Defendants, three of which are state-law negligence claims (Counts One, Five, and Six) and
3  three of which are brought under 42 U.S.C. § 1983 (Counts Two, Three, and Four). Dkt. #22
4  at 12-21. On January 15, 2010, the Family Service Defendants filed a motion to dismiss all
5  claims against them. Dkt. #29. On February 25, 2010, before responding to the motion to
6  dismiss, Drummond filed a motion to voluntarily dismiss all claims brought under § 1983.
7  Dkt. #43. Drummond then filed a response to the motion to dismiss, arguing against
8  dismissal of the state law claims. Dkt. #44. He also filed a motion to remand, arguing there
9  is "no basis for continued federal jurisdiction." Dkt. #45.

Defendants do not oppose Drummond's motion to dismiss Counts Two, Three, and Four. Dkt. #43. The Court will grant the motion. The only claims that remain are state-law claims for negligence against all Defendants (Count One), negligent hiring, supervision, and training against the State of Arizona (Count Five), and negligent hiring, supervision, and training against the Family Service Agency (Count Six).

The Supreme Court has instructed that "'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). This statement has come to mean that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. When a case has been removed from state court, "remand . . . will better accommodate [*Gibbs'*] values than will dismissal of the case[.]" *Carnegie-Mellon*, 484 U.S. at 351.

Because only state law claims remain in this action, the Court will remand it to state court. Although Defendants removed the case on the basis of federal question jurisdiction (which no longer exists), they now argue that the Court should retain jurisdiction "because there is complete diversity of citizenship between Plaintiff (who alleges to be domiciled in Colorado), [the Family Service Agency], and the State of Arizona." Dkt. #47 at 1. Defendants, however, could not have removed the case to this Court on the basis of diversity

jurisdiction because they are citizens of Arizona. *See* 28 U.S.C. § 1441(b) (diversity cases "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Defendants cite no authority for the proposition that parties who could not have removed a case to federal court on the basis of diversity jurisdiction may retain it there on the basis of diversity jurisdiction when federal question jurisdiction is eliminated. In the absence of such authority, and given the strict construction to be accorded the removal statutes, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), the Court concludes that remand is appropriate.

**IT IS ORDERED:**

1. Plaintiff's motion to voluntarily dismiss Counts Two, Three, and Four (Dkt. #43) is **granted**.
2. Plaintiff's motion to remand (Dkt. #45) is **granted**.
3. The Clerk of Court is directed to remand this action to Maricopa County Superior Court.

DATED this 15th day of April, 2010.

David G. Campbell
United States District Judge